UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MATTHEW C. KURTENBACH,<br><br>                    Petitioner,<br><br>     vs.<br><br>ROBERT DOOLEY, Warden,<br>Mike Durfee State Prison,<br><br>                    Respondents. | 5:15-CV-05063-JLV<br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION**

Petitioner, Matthew C. Kurtenbach, an inmate at the Mike Durfee State Prison in Springfield, South Dakota, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents have moved to dismiss Mr. Kurtenbach's petition (Docket 7) and have submitted a memorandum with supporting documents.  Docket 8.  Mr. Kurtenbach opposes the motion and has submitted a memorandum and supporting documents in opposition. Docket 15.

The court has received for review pertinent portions of the state court files, including both the criminal and state habeas records which have been attached as exhibits to both parties' memoranda.  The matter has been fully briefed and is now ripe for a decision.

Mr. Kurtenbach was convicted in South Dakota and is currently incarcerated pursuant to several judgments of South Dakota state courts.  These

proceedings were referred to this magistrate judge pursuant to 28 U.S.C. § 636(b) and the October 16, 2014, standing order of the Honorable Jeffrey L Viken.  The pending matter is therefore properly before this court pursuant to 28 U.S.C. § 2254.

### FACTS AND PROCEDURAL HISTORY

The court has taken judicial notice of the files from Mr. Kurtenbach's underlying criminal convictions.  Most pertinent here is State v. Kurtenbach, CR 09-372 (Seventh Judicial Circuit, Pennington County, South Dakota); and his state habeas proceedings (Kurtenbach v. Dooley, not docketed nor assigned a CV number but filed in CR 09-372, Seventh  Judicial Circuit, Pennington County, South Dakota).[1]  See, Hood v. United States, 152 F.2d 431 (8th Cir. 1946) (federal district court may take judicial notice of proceedings from another federal district court); Matter of  Phillips, 593 F.2d 356 (8th Cir. 1979) (proper for federal court to take judicial notice of state court pleadings); Green v. White, 616 F.2d 1054 (8th Cir. 1980) (court of appeals may take judicial notice of district court filings).

Mr. Kurtenbach's criminal history and its relationship to his current claim is unusual and is set forth below.  The gist of Mr. Kurtenbach's claim is that as a part of the plea agreement in his most recent criminal conviction (Pennington County    CR 14-725) the State agreed it would "not pursue any further charges" related to the conduct charged in that criminal file.  See, Docket 8-2.

---

[1] Unless otherwise noted, references to docketed items in the record will be to this court's docket number in CV 15-5063, United States District Court, District of South Dakota.  References to the docketed items from Mr. Kurtenbach's state court proceedings will be by the appropriate county name, followed by the appropriate criminal or civil numerical designation.

Mr. Kurtenbach, however, was on parole and/or had suspended sentences for several other crimes at the time of the incident which led to the criminal charges in Pennington County CR 14-725.  Mr. Kurtenbach theorizes that when, after his conviction in Pennington County CR 14-725, the Board of Pardons and Paroles (hereinafter "Board") revoked his parole and imposed his suspended sentences based upon the conviction, the State breached its plea agreement to refrain from "pursuing any other charges" related to the conduct charged in Pennington County CR 14-725.  Other pertinent facts will be described as necessary in the analysis section.

**A.    Conviction(s).**

Mr. Kurtenbach has several state convictions.  They are not necessarily challenged here, but Mr. Kurtenbach asserts he has received disparate treatment in Pennington County as compared to Brown and Lawrence County.  Convictions from Pennington, Brown and Lawrence Counties are therefore all briefly recounted in this section.  They are as follows:

1. **Brown County, South Dakota CR 08-765.**  On June 5, 2009, Mr. Kurtenbach was sentenced to ten years in the South Dakota State Penitentiary (SDSP) for grand theft by deception and habitual offender charges.  Docket 8-10.  The sentence was later amended to suspend four years of this sentence.  Id.

2. **Lawrence County, South Dakota CR 08-671.**  On September 1, 2009, Mr. Kurtenbach was sentenced to ten years in the SDSP with five years suspended for grand theft.  Docket 8-9.

3

3. **Pennington County, South Dakota, CR 09-372** (the case at issue in
   this § 2254 habeas corpus).  On October 13, 2009, Mr. Kurtenbach was
   sentenced to eight years in the SDSP for grand theft by deception and
   identity theft.  Docket 8-8.

4. **Pennington County, South Dakota, CR 14-725**.  On January 29, 2015,
   Mr. Kurtenbach was sentenced to five years in the SDSP for possession
   of a controlled substance.  Docket 8-1.  Mr. Kurtenbach was on parole
   for the 2008 and 2009 Brown, Lawrence and Pennington County
   convictions at the time of this 2014 Pennington County charge.  As a
   result of this conviction, the parole board revoked Mr. Kurtenbach's
   parole and imposed his suspended sentences in all of the 2008-2009
   Brown, Lawrence and Pennington County cases.  See, Docket 8-7.

**B.    Direct Appeal(s).**

It does not appear Mr. Kurtenbach filed direct appeals to Brown County CR
08-765, Lawrence County CR 08-671, or Pennington County CR 09-372.
Mr. Kurtenbach did file a direct appeal in Pennington County CR 14-725.  That
appeal was later dismissed upon Mr. Kurtenbach's motion.  Docket 8-6.

**C.    State Habeas Petition(s).**

On September 23, 2011, Mr. Kurtenbach filed a state habeas petition
challenging the manner in which his sentence in Pennington County CR 09-372
was being executed.  Docket 8-13.[2]  Mr. Kurtenbach alleged he was being

---

[2] Mr. Kurtenbach also filed a state habeas petition challenging his
conviction in Pennington County CR 14-725.  The outcome of that state habeas
petition is the subject of another of Mr. Kurtenbach's petitions for habeas
corpus relief pursuant to 28 U.S.C. § 2254 in this court, Civ. No. 15-5064.

improperly prevented from serving his South Dakota sentence concurrently with a sentence arising from a judgment of conviction arising out of the state of Wyoming. Id.

On October 5, 2011, the Pennington County circuit court, the Honorable Jeff Davis, dismissed the petition and denied a certificate of probable cause. Docket 8-14.  The South Dakota Supreme Court granted certificate of probable cause and remanded to the circuit court for appointment of counsel.  Docket 8-19. The matter was briefed to the South Dakota Supreme Court.  On February 19, 2013, the South Dakota Supreme Court summarily affirmed Judge Davis' dismissal of Mr. Kurtenbach's habeas claims.  Docket 8-24.

In 2011, Mr. Kurtenbach also filed a state habeas challenging the manner in which his sentence in Lawrence County CR 08-671 was being executed. Docket 15-4; Docket 8-23, p. 6; Docket 8-21.  Mr. Kurtenbach alleged he was being improperly prevented from serving his Lawrence County sentence concurrently with a sentence arising from a judgment of conviction arising out of the state of Wyoming.  Id.  In that habeas action the circuit court, the Honorable Randall Macy, appointed counsel and conditionally granted the relief requested by Mr. Kurtenbach.  Id.

After his conviction in Pennington County CR 14-725 and subsequent parole revocation/imposition of suspended sentences by the parole board, Mr. Kurtenbach filed simultaneous state habeas petitions in Brown, Lawrence and

---

Mr. Kurtenbach does *not* claim the revocation of his parole or imposition of his suspended sentence(s) as grounds for relief in CV 15-5064.

Pennington counties.  Each state habeas petition alleged the parole board's revocation and imposition of suspended sentences violated the terms of Mr. Kurtenbach's plea agreement in Pennington County CR 14-725.  Dockets 15-5 (Pennington County); 15-14 (Brown County); 15-18 (Lawrence County). Mr. Kurtenbach was allowed to proceed and counsel was appointed to represent him in Brown and Lawrence counties.  Docket 15-16 (Brown County); Docket 15-22 (Lawrence County).  The outcome of those state petitions is unknown and not challenged in this proceeding.

Mr. Kurtenbach indicated in both his Pennington County petition and cover letter that his petition was "in regard to file 09-372."  Docket 8-25, p. 1-2. The Pennington County circuit court, the Honorable Craig Pfeifle, summarily dismissed Mr. Kurtenbach's Pennington County state habeas petition without appointment of counsel.  Docket 8-26.  Judge Pfeifle dismissed Mr. Kurtenbach's petition because it was not filed within the two-year statute of limitations provided by SDCL § 21-27-3.3.  Id. Judge Pfeifle refused to issue a certificate of probable cause.  Docket 8-27.

Mr. Kurtenbach moved the South Dakota Supreme Court for a certificate of probable cause on the Pennington County case, CR 09-372.  Docket 8-28. Mr. Kurtenbach's motion was returned to him unfiled, however, because he had previously, in 2011, filed a habeas corpus application on Pennington County CR 09-372 and the chief deputy clerk of the South Dakota Supreme Court determined Mr. Kurtenbach had not complied with the requirements of SDCL § 21-27-5.1.  That statute states:

6

**21-27-5.1.**  Second or subsequent application for writ--Leave to file--Dismissal. A claim presented in a second or subsequent habeas corpus application under this chapter that was presented in a prior application under this chapter or otherwise to the courts of this state by the same applicant shall be dismissed.

Before a second or subsequent application for a writ of habeas corpus may be filed, the applicant shall move in the circuit court of appropriate jurisdiction for an order authorizing the applicant to file the application.

The assigned judge shall enter an order denying leave to file a second or successive application for a writ of habeas corpus unless:

**(1)**  The applicant identifies newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the applicant guilty of the underlying offense; or

**(2)**  The application raises a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court and the South Dakota Supreme Court, that was previously unavailable. The grant or denial of an authorization by the circuit court to file a second or subsequent application shall not be appealable.

See SDCL § 21-27-5.1; Docket 8-29; Docket 15-11.  Mr. Kurtenbach protested the decision, made by the deputy clerk, to refuse filing his motion.  Docket 15-12. Mr. Kurtenbach's protestations did not result in his documents being accepted for filing.

**D.     Federal Habeas Corpus Petition.**

On August 19, 2015, Mr. Kurtenbach filed his motion for habeas corpus pursuant to 28 U.S.C. § 2254.  Docket 1.  In the "Claims for Relief" section, Mr. Kurtenbach articulates only one ground for relief.  Docket 1, pp. 3-4. Mr. Kurtenbach articulates a due process claim, recited in its entirety below:

> The State of South Dakota, by and through Assistant Attorney General Laura Shattuck, entered into a plea agreement in Pennington County File No. 51 Cri. 14-725. The terms of the plea agreement provided in relevant part that I would plead guilty to one count of possession of a controlled substance.  In return, the State would dismiss the pending charges.  Furthermore, the State would (sic) pursue any further charges related to that conduct.  I fulfilled my end of the agreement by pleading guilty on December 9, 2014.  The state breached their responsibilities under the terms of the plea agreement by pursuing further charges related to the conduct; namely a parole violation by the South Dakota Board of Pardons and Paroles.  I had a due process right of fulfillment of the terms of the plea agreement.

See Docket 1, pp. 3-4.

## DISCUSSION

### A.  Principles Generally Applicable to § 2254 Petitions.

A state prisoner who believes he is incarcerated in violation of the Constitution or laws of  the United States may file a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Such petitions are governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA).  Under AEDPA, federal courts may exercise only a "limited and deferential review of underlying state court decisions."  Osborne v. Purkett, 411 F.3d 911, 914 (8th Cir. 2005).  A federal court may not grant a writ of habeas corpus unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law."  28 U.S.C. § 2254(d)(1).  A state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in Supreme Court cases or if it confronts a set of facts that are materially indistinguishable from a decision of the Court and nevertheless arrives at a result different from

the Court's precedent." Williams v. Taylor, 529 U.S. 362, 405-06, (2000). A federal habeas court may not issue the writ merely because it concludes the state court applied the clearly established federal law erroneously or incorrectly. Id. at 411. "Rather, that application must also be *unreasonable*." Id. (emphasis added).

The state court's factual findings are presumed to be correct, and a federal habeas court may not disregard the presumption unless specific statutory exceptions are met. Thatsaphone v. Weber, 137 F.3d 1041, 1045 (8th Cir. 1998); 28 U.S.C. § 2254(e). A federal habeas court "may not simply disagree with the state court's factual determinations.   Instead it must conclude that the state court's findings lacked even fair support in the record." Marshall v. Lonberger, 459 U.S. 422, 432 (1983).

**B.    State Court Exhaustion.**

Under ADEPA, federal habeas review of state court convictions is limited to claims the petitioner previously presented to the state courts for consideration:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>> (A) the applicant has exhausted the remedies available in the courts of the state; or
>> (B)    (i) there is an absence of available State corrective process; or
>>        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> * * *
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

9

See 28 U.S.C. § 2254(b) and (c).

"[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  If a ground for relief in the petitioner's claim makes factual or legal arguments that were not present in the petitioner's state claim, then the ground is not exhausted. Kenley v. Armontrout, 937 F.2d 1298, 1302 (8th Cir. 1991).  The exhaustion doctrine protects the state courts' role in enforcing federal law and prevents the disruption of state judicial proceedings.  Rose v. Lundy, 455 U.S. 509, 518 (1982).  The Supreme Court has stated:

> Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Rose, 455 U.S. at 518 (citation omitted).

The exhaustion rule requires state prisoners to seek complete relief on all claims in state court prior to filing a writ of habeas corpus in federal court. Federal courts should, therefore, dismiss a petition for a writ of habeas corpus that contains claims that the petitioner did not exhaust at the state level.  See 28 U.S.C. § 2254; Rose, 455 U.S. at 522.  The exhaustion requirement is waived "only in rare cases where exceptional circumstances of peculiar urgency are shown to exist." Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995).

A federal court must determine whether the petitioner fairly presented an issue to the state courts in a federal constitutional context.  Satter v. Leapley, 977 F.2d 1259, 1262 (8th Cir. 1992).  "To satisfy exhaustion requirements, a habeas petitioner who has, on direct appeal, raised a claim that is decided on its merits need not raise it again in a state post-conviction proceeding."  Id. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan, 526 U.S. at 845.  "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

Fairly presenting a federal claim requires more than simply going through the state courts:

> The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.

Picard v. Connor, 404 U.S. 270, 276 (1971).  It is also not enough for the petitioner to assert facts necessary to support a federal claim or to assert a similar state-law claim.  Ashker, 5 F.3d at 1179.  The petitioner must present both the factual and legal premises of the federal claims to the state court. Smittie v. Lockhart, 843 F.2d 295 at 297 (8th Cir. 1988) (citation omitted). "The petitioner must 'refer to a specific federal constitutional right, a particular

constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.' " Ashker, 5 F.3d at 1179.  This does not, however, require petitioner to cite "book and verse on the federal constitution." Picard, 404 U.S. at 278 (citing Daugharty v. Gladden, 257 F.2d 750, 758 (9th Cir. 1958)).  The petitioner must simply make apparent the constitutional substance of the claim.  Satter, 977 F.2d at 1262.

Mr. Kurtenbach's claim is not exhausted at the state level. Mr. Kurtenbach did present the state court with the constitutional issues he asserts in his federal  § 2254 petition.  In this federal petition, Mr. Kurtenbach asserts his state parole revocation/imposition of suspended sentence violates due process.  See Docket 1, pp. 3-4.  He made this same argument in the state courts.  See Docket 15-5.   It is the final decision of the Board of Pardons and Paroles, therefore, and *not* Mr. Kurtenbach's Judgment of Conviction in Pennington County CR 09-372, which Mr. Kurtenbach seeks to challenge in his state habeas petition and this pending § 2254 petition.

In its brief, the State asserts the appropriate remedy for Mr. Kurtenbach to challenge the Board's decision was *not* a state habeas corpus petition under SDCL Chapter 21-27.  Instead, the State asserts Mr. Kurtenbach should have pursued an appeal of the Board's decision through SDCL Chapter 1-26.  Because he failed to properly pursue his administrative appeal, the State argues, Mr. Kurtenbach has not exhausted his state remedies.

The State's assertion finds support in South Dakota law. "An appeal from the Board is governed by SDCL 1-26-37." Santema v. South Dakota Board of Pardons and Paroles, 735 N.W.2d 904, 905 (S.D. 2007) (quoting Austad v. South Dakota Board of Pardons and Paroles, 719 N.W.2d 760, 764 (S.D. 2006). In Santema, the South Dakota inmate challenged the Board's calculation of his parole eligibility date. Id. In Austad, as in this case, the inmate challenged the Board's revocation of his parole. Austad, 719 N.W.2d at 762. In both cases, the South Dakota Supreme Court unequivocally instructed that appeals from the decisions of the Board of Pardons and Paroles are governed by SDCL 1-26-37. Santema, 735 N.W.2d at 905; Austad, 719 N.W. 2d at 764. See also, Acevedo v. South Dakota Board of Pardons and Paroles, 768 N.W.2d 155, 158 (S.D. 2009) (same).

In Bohlman v. Lindquist, 562 N.W2d 578 (S.D. 1997), a patient brought a habeas petition in circuit court, seeking a transfer to a less restrictive facility. Id. at 578. The circuit court dismissed the petition however, because Mr. Bohlman had not obtained the necessary certification for *release.* Id. at 580. The South Dakota Supreme Court explained the circuit court reached the right result in dismissing Mr. Bohlman's habeas petition, though it did so for the wrong reason. Id.

The court began by explaining the Human Services Center was an administrative agency within the Department of Human Services, an executive department under SDCL 1-36A-1.3. Id. at 580. "Once an offender is within the jurisdiction of the executive branch of government, the judicial branch –the

13

circuit court—loses jurisdiction and control.  The judiciary's relinquishment of jurisdiction to the executive branch upon commitment of a defendant to an executive agency avoids the chaos and confusion that would result from simultaneous jurisdiction." Id. at 581 (citations omitted).  The court further explained Mr. Bohlman must first follow the appropriate administrative procedures to seek a less restrictive setting.

> "[I]n the event [he] is denied relief, he is entitled to judicial review of the denial.  SDCL 1-26-30.
>
> Bohlman, however, has not made an administrative request to be transferred.  Rather than requesting the HSC evaluate his placement, he filed an application for a writ of habeas corpus with the court.  This application is premature due to Bohlman's failure to pursue appropriate remedies to obtain the requested transfer and precludes judicial jurisdiction to review the request.  We are without jurisdiction to entertain Bohlman's appeal at this time.  The dismissal of Bohlman's application for a writ of habeas corpus is affirmed.

Id.  Though Mr. Bohlman was not a prisoner, this language is significant because persons on parole or suspended sentence are also under the supervision of the executive branch of the government.  Krukow v. South Dakota Board of Pardons and Paroles, 716 N.W.2d 121, 125 (S.D. 2006) (citaitons omitted).  As such, pursuant to Bohlman, a state habeas corpus petition is "premature" until the prisoner has complied with Chapter 1-26.

Additionally, the United States Supreme Court has explained that to comply with 28 U.S.C. § 2254 a petitioner must only give the state "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's *established appellate review process*."  O'Sullivan, 526 U.S. at 845 (emphasis added).

In <u>Castille v. Peoples</u>, 489 U.S. 346 (1989), the Court examined the language in § 2254 which states exhaustion is deemed incomplete if the petitioner has the right to raise the question presented by *any* available procedure.  <u>Id.</u> at 350.  The Court explained

> Read narrowly, this language appears to preclude a finding of exhaustion if there exists any possibility of further state court review.  We have, however, expressly rejected such a construction. <u>Brown v. Allen</u>, 344 U.S. 443, 448-49 n.3 (1953), holding instead that once the state courts have ruled upon a claim, it is not necessary for a petitioner to 'ask the state court for collateral relief, based upon the same evidence and issues already decided by direct review.' <u>Id.</u> at 447.  This interpretation reconciles § 2254(c) with § 2254(b), which provides that federal habeas review will lie where state corrective processes are 'ineffective to protect the right of the prisoner.'  It would be inconsistent with the latter provision, as well as the underlying principles of comity, to mandate recourse to state collateral review whose results have effectively been predetermined, or permanently to bar from federal habeas prisoners in States whose postconviction procedures are technically inexhaustible.

<u>Castille</u>, 489 U.S. at 350.  According to <u>Castille</u> then, the exhaustion doctrine would not require Mr. Kurtenbach to file a state habeas pursuant to SDCL Chapter  21-27 if he had complied with the procedure for directly appealing decisions of the Board of Pardons and Paroles outlined pursuant to SDCL Chapter 1-26.  This is because the constitutional issues Mr. Kurtenbach wishes to present to this court would have already been presented to the state courts through this channel.  <u>See</u> <u>also</u> <u>Eaton v. Wyrick</u>, 528 F.2d 477, 480 (8th Cir. 1975) ("the exhaustion requirement was not meant . . . to provide the state with more than one full and fair opportunity to decide a question which is properly presented to it for review.").

Mr. Kurtenbach's claims are not exhausted  because he did not invoke one <u>complete</u> round of the State's established appellate review process. <u>O'Sullivan</u>, 526 U.S. at 845.

Pursuant to <u>Santema</u> the "established appellate review process"  for decisions of the South Dakota Board of Pardons and Paroles is dictated by SDCL § 1-26.  SDCL § 1-26-31 provides:

> **1-26-31**.   Notice of appeal--Time for service and filing. An appeal shall be taken by serving a copy of a notice of appeal upon the adverse party, upon the agency, and upon the hearing examiner, if any, who rendered the decision, and by filing the original with proof of such service in the office of the clerk of courts of the county in which the venue of the appeal is set, within thirty days after the agency served notice of the final decision or, if a rehearing is authorized by law and is requested, within thirty days after notice has been served of the decision thereon. Failure to serve notice of the appeal upon the hearing examiner does not constitute a jurisdictional bar to the appeal.

<u>See</u> SDCL § 1-26-31.  The South Dakota Supreme Court has held that this requirement is jurisdictional, requiring dismissal of the appeal if it is not properly and timely filed and served.  <u>Hansen v. South Dakota Board of Pardons and Paroles</u>, 601 N.W.2d 617, 619 (S.D. 1999).  Thus, the circuit court (and consequently the South Dakota Supreme Court) was deprived of the opportunity to review the merits of Mr. Kurtenbach's constitutional claims.  As such, he failed to exhaust his constitutional claims in state court.

Normally, the appropriate action for a federal court faced with unexhausted claims would be to dismiss the petition without prejudice to allow the petitioner to exhaust his state remedies.  <u>Carmichael v. White</u>, 163 F.3d 1044, 1045 (8th Cir. 1998).  However, such dismissal is not an appropriate

16

course of action where there are no nonfutile avenues of relief available to the petitioner in state court.  Here, no further avenues of nonfutile relief are available to Mr. Kurtenbach in state court.  See Hansen, 601 N.W.2d at 619. Mr. Kurtenbach disagrees, and asserts in his brief that a portion of the language in SDCL § 1-26-30 provides him with permission to pursue his habeas remedy directly.   Specifically, he cites the following language:

> **1-26-30.**   Right to judicial review of contested cases--Preliminary agency actions. A person who has exhausted all administrative remedies available within any agency or a party who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter. If a rehearing is authorized by law or administrative rule, failure to request a rehearing will not be considered a failure to exhaust all administrative remedies and will not prevent an otherwise final decision from becoming final for purposes of such judicial review. **This section does not limit utilization of or the scope of judicial review available under other means of review, redress, or relief, when provided by law**. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.

See SDCL § 1-26-30 (emphasis added). Mr. Kurtenbach asserts he should be allowed to pursue his claims through a state habeas action, citing other examples of reported cases in which Board decisions have been challenged via habeas corpus.  See e.g. Winters v. Solem, 444 N.W.2d 722, (S.D. 1989); Watkins v. Class, 566 N.W.2d 431 (S.D. 1997).  In neither of those cases, however, was the timeliness of the prisoner's appeal from the Board's decision at issue.

The flaw in Mr. Kurtenbach's argument is that in his situation, review of the Board's decision via a state habeas is not "provided by law."  Bohlman, 562 N.W.2d at 581.  Mr. Kurtebach articulates  his habeas challenge as against his

judgment of conviction under Pennington County CR 09-472.  In reality, however, Mr. Kurtenbach appeals the Board's 2015 decision to revoke his parole and impose his suspended sentence.  Though Mr. Kurtenbach may style his action as a habeas rather than an appeal pursuant to SDCL Chapter 1-26, the South Dakota Supreme Court has explained he is nevertheless required to comply with the requirements of SDCL § 1-26-31.  Stumes v. Delano, 508 N.W.2d 366, 373 (S.D. 1993) (portion of state prisoner's state habeas challenging Board's parole eligibility decision dismissed as untimely for failure to comply with SDCL § 1-26-31).

In Stumes the South Dakota Supreme Court explained that, at the time the Board issued its decision denying Mr. Stumes' request for parole eligibility, Mr. Stumes already had a state habeas action pending citing other claims.  Id. at 367.  Instead of pursuing an appeal of the Board's decision, Mr. Stumes moved to reopen or amend his pending state habeas to add the Board's adverse decision to the list of claims in his pending state habeas petition.   Id. at 373.

In Stumes, the South Dakota Supreme Court did not dismiss Mr. Stumes' challenge to the Board's decision because it was not an appropriate amendment to his habeas petition.  It dismissed Mr. Stumes' challenge to the Board's decision, however, because Mr. Stumes failed to file his appeal of the Board's decision (i.e. his amendment to the pending habeas petition) within the time provided by SDCL § 1-26-31, an omission which left the circuit court and the South Dakota Supreme Court without jurisdiction to decide the matter.  Id.  In other words, though Mr. Stumes *may* have been able

18

to amend his habeas petition to assert error by the Board, he was nevertheless required to comply with the timing requirement of SDCL Chapter 1-26.

The same is true here.  That Mr. Kurtenbach chose to label his method of redress as a habeas petition *may not* be fatal to his claim, but that he did not file his appeal (habeas petition) within the time frame mandated by SDCL § 1-26-31 is.  Stumes, 508 N.W.2d at 373; Hansen, 601 N.W.2d at 619. Thus, the court turns to the question of procedural default.

## C.    Procedural Default.

### 1.    Mr. Kurtenbach Has Procedurally Defaulted.

Closely related to the doctrine of state court exhaustion is the doctrine of procedural default.  Both doctrines are animated by the same principles of comity—that is, in our dual system of government, federal courts should defer action on habeas matters before them when to act on those petitions would undermine the state courts' authority, which have equal obligations to uphold the constitution.  See Coleman v. Thompson, 501 U.S. 722, 731 (1991) (quoting Rose, 455 U.S. at 518), overruled in part on other grounds by Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309 (2012),[3] superseded in part on other grounds by

---

[3] If a prisoner cannot raise a claim of ineffective assistance of counsel in his direct appeal, and he was not given counsel in state habeas proceedings–or his state habeas counsel was himself or herself ineffective–then procedural default does not bar a federal habeas court from hearing the prisoner's ineffective assistance claims.  Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309, 1318 (2012).  The Court recognized a narrow exception to the unqualified statement in Coleman, to the effect that the ineffectiveness of state habeas counsel does not provide cause to excuse a procedural default.  The Martinez Court held that inadequate assistance of counsel at the state habeas proceedings may establish cause.  Martinez, 132 S.Ct. at 1318.  The Court distinguished Coleman on the basis that the error of the state habeas lawyer in that case was

statute as recognized in Duncan v. Atchison, 2014 WL 4062737 (N.D. Ill. Aug.

13, 2014).  While the exhaustion rule asks *whether* a petitioner has exhausted

his remedies in state court, the procedural default rule asks whether the

petitioner has *properly* exhausted those remedies—"whether he has fairly

presented his claims to the state courts."  O'Sullivan, 526 U.S. at 848.

Procedural default is sometimes called the "adequate and independent

state grounds" doctrine.  A federal habeas petitioner who has defaulted his

---

*on appeal* from the trial state habeas court's decision.  Id. at 1319.  This is different than making an error *before the state trial habeas court itself*, rather than before an appellate state habeas court.   Id.

> Martinez announced a 'narrow exception' to the Coleman rule: Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Dansby v. Hobbs, 766 F.3d 809, 828 (8th Cir. 2014) (citing Martinez, 132 S. Ct.  at 1320).  In Trevino v. Thayer, 133 S. Ct. 1911 (2013), the Supreme Court expanded Martinez  to apply to situations where "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal."  Dansby, 766 F.3d at 829 (citing Trevino, 133 S. Ct. at 1921).  It appears that South Dakota is such a state.  See e.g., State v. Craig, 850 N.W.2d 828, 838 (S.D. 2014) ("ineffective assistance of counsel claims are generally not considered on direct appeal, because it is only through habeas corpus that a sufficient record can be made to allow the appropriate review.") (other citations omitted).

Martinez is inapplicable here for several reasons.  First, there is no constitutional right to appointed counsel in parole proceedings in South Dakota.  Cowans v. South Dakota Board of Pardons and Paroles, 764 N.W.2d 501, 505 (S.D. 2009). Second, to the extent Mr. Kurtenbach had any right to appointed counsel, he explicitly waived the right.  See Docket 15-3, p. 1. Finally, the error or "cause" of the default here occurred during the appeal of the Board's decision, so the situation is analogous to Coleman and Martinez is inapplicable in any event.

20

federal claims in state court by failing to meet the state's procedural rules for presenting those claims has committed "procedural default." Coleman, 501 U.S. at 731-32, 735 n.1. If federal courts allowed such claims to be heard in federal court, they would be allowing habeas petitioners to perform an "end run" around state procedural rules. Id. However, where no further non-futile remedy exists in state court, it is not feasible to require the petitioner to return to state court as would be the case in a dismissal for failure to exhaust state remedies.

In the Coleman case, the habeas petitioner, Coleman, had defaulted all of his federal claims by filing his notice of appeal from the state trial court three days late. Coleman, 501 U.S. at 727-28, 749. The state appellate court then refused to hear Coleman's appeal on the basis of his late-filed notice of appeal. Id. at 740. The Court held "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Id. at 750. See also Ruiz v. Norris, 71 F.3d 1404, 1409 (8th Cir. 1995) ("A district court need not consider the merits of a procedurally defaulted claim.") (citations omitted). To fit within the fundamental miscarriage of justice exception, the petitioner must make a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 321, (1995). A successful claim of actual innocence

requires the petitioner to support his allegations with new, reliable evidence. Weeks v. Bowersox, 119 F.3d 1342, 1351 (8th Cir. 1997).

"Adequate and independent state grounds" exist for the state court's decision if the decision of the state court rests on a state law ground that is independent of the federal question and adequate to support the judgment. Coleman, 501 U.S. at 729.  "This rule applies whether the state law ground is substantive or procedural." Id. at 729.  "[A] state procedural ground is not adequate unless the procedural rule is strictly or regularly followed." Johnson v. Mississippi, 486 U.S. 578, 587 (1988).

"The federal court looks to the last, reasoned state court opinion dealing with the claim to determine whether a specific contention is procedurally defaulted.  If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar that might otherwise have been available." Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004) (citations omitted).

The last reasoned state court opinion addressing Mr. Kurtenbach's claims denied relief because Mr. Kurtenbach's petition was untimely.  See Docket Nos. 8-26 & 8-27.  Although Judge Pfeifle relied upon the wrong statute of limitations, (i.e. the habeas corpus statute of limitations under SDCL § 21-27-3.3), Judge Pfiefle "though for the wrong reason, reached the right result." Bohlman, 562 N.W.2d at 580.  Because the Board issued its notice of entry on February 15, 2015 (Docket 15-3) and Mr. Kurtenbach did not file his appeal (state habeas) until June 23, 2015 (Docket 8-25),

22

Mr. Kurtenbach *did* miss the applicable statute statute of limitations, which was thirty days pursuant to SDCL § 1-26-31.

The South Dakota Supreme Court regularly and strictly enforces the requirement that the notice of appeal be timely served to appeal decisions of the Board. <u>Stumes,</u> 508 N.W.2d at 373; <u>Hansen,</u> 601 N.W.2d at 619. The South Dakota Supreme Court characterizes the requirement as jurisdictional, so that failure to timely file the notice results in a deprivation of subject matter jurisdiction. <u>Id.</u>

Because the last reasoned state court opinion dealing with Mr. Kurtenbach's constitutional claims did not address their merits but rejected them on procedural grounds, this court is precluded from reviewing them. <u>Coleman</u>, 501 U.S. at 750; <u>Wiegers v. Weber</u>, 37 Fed. Appx. 218, 219-20 (8th Cir. 2002) (unpublished) (prisoner's failure to timely appeal denial of state habeas resulted in failure to give South Dakota one full opportunity to resolve any constitutional issue by invoking one complete round of South Dakota's established appellate process–and thus his claims were procedurally defaulted).

## 2.   **Mr. Kurtenbach Has Not Established Cause.**

A state procedural default bars federal habeas review unless the petitioner can demonstrate "cause" for the default *and* actual prejudice as a result of the violation of federal law. <u>Maynard v. Lockhart</u>, 981 F.2d 981, 984 (8th Cir. 1992) (citations omitted, emphasis added). If no "cause" is found, the court need not consider whether actual prejudice occurred. <u>Id.</u> at 985; <u>Wyldes v. Hundley</u>, 69 F.3d 247, 253 (8th Cir. 1995) (citations omitted). "The

requirement of cause . . . is based on the principle that petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief . . ." Cornman v. Armontrout, 959 F.2d 727, 729 (8th Cir. 1992). The habeas petitioner must show that "some objective factor *external to [petitioner]* impeded [his] efforts." Id. (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)) (emphasis added).

A petitioner may show cause by demonstrating that the factual or legal basis for a claim was not reasonably available to the petitioner at the time or that there was interference by officials which prevented the petitioner from exhausting his state remedies. Murray, 477 U.S. at 488. A petitioner's lay status, *pro se* status, and lack of education are not sufficient cause to excuse a procedural lapse in failing to pursue state court remedies. See Stewart v. Nix, 31 F.3d 741, 743 (8th Cir. 1994); Smittie, 843 F.2d at 298. Illiteracy or low intelligence are also not enough to demonstrate cause. See Criswell v. United States, 108 F.3d 1381, *1 (8th Cir. 1997) (unpub'd.); Cornman, 959 F.2d at 729. Finally, neither is ignorance of the law. Maxie v. Webster, 978 F.2d 1264, *1 (8th Cir. 1992) (unpub'd.).

Here, Mr. Kurtenbach does not allege any facts which would establish cause for his procedural default. Mr. Kurtenbach's procedural default stems from the fact that he failed to serve his notice of appeal in a timely fashion but Mr. Kurtenbach provides no explanation whatsoever for this failure.

### 3.   Mr. Kurtenbach Has Not Established Actual Innocence.

"In an effort to balance the societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case, the Court has recognized a miscarriage of justice exception." House v. Bell, 547 U.S. 518, 536 (2006) (internal citations omitted). The miscarriage of justice exception is available to only those petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995). "Actual innocence" is not an independent constitutional claim upon which habeas relief can be granted; instead, it is "a gateway through which a habeas petitioner must pass to have his otherwise [procedurally] barred constitutional claim considered on the merits." Id. at 315. Actual innocence means factual innocence, it does not mean mere legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998). Actual innocence claims are rarely successful as they require the petitioner to carry an exacting burden. Schlup, 513 U.S. at 324.

In order to show actual innocence, Mr. Kurtenbach must: (1) produce "new reliable evidence" not presented previously; and (2) he must "show that, in light of all the evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt of the crime for which he pleaded guilty and was convicted." Id. at 324; United States v. Apker, 174 F.3d 934, 938-39 (8th Cir. 1999).

Evidence is "new" only if it was not available at the time of the plea and if it could not have been discovered earlier through the exercise of due diligence. Johnson v. Norris, 170 F.3d 816, 818 (8th Cir. 1999). A petitioner can make the new evidence showing only where he demonstrates that the factual basis for the evidence did not exist at the time of the plea and could not have been presented earlier. Id. The evidence must not only be "new" but it must also be "reliable." Schlup, 513 U.S. at 324.

Mr. Kurtenbach never asserts his actual innocence, only that his parole revocation constituted a breach of his plea agreement. As such, Mr. Kurtenbach does not satisfy the demanding Schlup standard for establishing his "actual innocence." He has not identified any evidence to establish his "innocence," of the parole revocation charges much less demonstrate that the evidence was (1) reliable, (2) newly discovered, and (3) could not have been earlier discovered with due diligence. Because he has not claimed nor established actual innocence, he also fails to show that no reasonable jury would have found him guilty beyond a reasonable doubt if the jury had known of new, reliable evidence. "Actual innocence" cannot be a vehicle to excuse Mr. Kurtenbach's procedural default.

The doctrine of procedural default is not intended to "create a procedural hurdle on the path to" federal habeas relief. Mellott, 63 F.3d at 784. However, strong comity concerns underlie the reason for the rule's adoption. Id. Mr. Kurtenbach has not alleged any grounds which would support a finding by this court that "cause" exists which would excuse his failure to comply with the

26

state's procedural rules.  He has also failed to establish his "actual innocence," so there is no basis for the court to conclude that a fundamental miscarriage of justice will occur absent federal court review of Mr. Kurtenbach's habeas claims.  Accordingly, the court recommends that Mr. Kurtenbach's federal habeas petition be dismissed for procedural default.  A dismissal on grounds of procedural default is a dismissal *with* prejudice, unlike a dismissal for failure to exhaust state remedies, which is without prejudice.  <u>Compare</u> <u>Armstrong v. Iowa</u>, 418 F.3d 924, 926-27 (8th Cir. 2005) (dismissal with prejudice is appropriate where the ground for dismissal is procedural default), <u>with</u> <u>Carmichael</u>, 163 F.3d at 1045-46 (dismissal for failure to exhaust state remedies where state remedies remain available to petitioner should be a dismissal without prejudice).

## CONCLUSION

Based on the foregoing law, facts, and analysis, this court respectfully recommends that respondents' motion to dismiss [Docket No. 7] be granted and that petitioner Matthew Kurtenbach's habeas petition be dismissed ***with prejudice***.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require de novo review by the

District Court.  <u>Thompson v. Nix</u>, 897 F.2d 356 (8th Cir. 1990); <u>Nash v. Black</u>, 781 F.2d 665 (8th Cir. 1986).

DATED July 28, 2016.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge