UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MATTHEW C. KURTENBACH,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>ROBERT DOOLEY.<br>Warden, Mike Durfee State Prison,<br><br>　　　　　Respondent. | CIV. 15-5063-JLV<br><br><br>ORDER |

**INTRODUCTION**

　　Petitioner, Matthew Kurtenbach, while an inmate at the Mike Durfee State Prison in Springfield, South Dakota, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Docket 1).  Pursuant to a standing order of October 16, 2014, the matter was referred to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B).  On September 22, 2015, the respondent filed a motion to dismiss Mr. Kurtenbach's petition. (Docket 9).  On July 28, 2016, Judge Duffy issued a report recommending the court dismiss Mr. Kurtenbach's habeas petition with prejudice.  (Docket 17 at p. 27).  Mr. Kurtenbach timely filed his objections.  (Docket 18).

　　The court reviews *de novo* those portions of the report and recommendation which are the subject of objections.  Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1).  The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations

made by the magistrate judge." 28 U.S.C. § 636(b)(1). Mr. Kurtenbach's objections are overruled and the report and recommendation is adopted in full.

## PETITIONER'S OBJECTIONS

Mr. Kurtenbach's objections to the report and recommendation are as follows:

1. Did Kurtenbach properly present his constitutional claims to the State Court via a state habeas corpus action?

2. Did the only state court decision that has addressed Kurtenbach's situation support [his] position?

3. Did the Respondent raise procedural default in the State Court and should the respondent be stopped from arguing it for the first time in Federal Court?

4. Did Kurtenbach properly present his constitutional claims to the State Court so that he has not procedurally defaulted?

(Docket 18). Each objection will be separate analyzed.

1. DID KURTENBACH PROPERLY PRESENT HIS CONSTITUTIONAL CLAIMS TO THE STATE COURT VIA A STATE HABEAS CORPUS ACTION?

The magistrate judge concluded Mr. Kurtenbach was not challenging the judgment of conviction in Pennington County case CR 09-472, but rather he was appealing from the 2015 decision of the Board of Pardons and Paroles to revoke parole and impose a previously suspended sentence in that case. (Docket 17 at pp. 17-18). Mr. Kurtenbach did not file an objection to the conclusion of the magistrate judge.

Mr. Kurtenbach's objection claims the magistrate judge erred in concluding that SDCL Chap. 1-26 provided the exclusive remedy to address his claim in state court. (Docket 18 at p. 3). Mr. Kurtenbach frames the question

2

as: "[D]oes South Dakota's habeas corpus remedy allow an individual to challenge a decision of the South Dakota Board of Pardons and Paroles via a habeas corpus action?"  Id. at p. 2.   He argues there are coexisting, alternative sources through which his claim could be addressed in state court: SDCL Chap. 1-26 (administrative appeal) and SDCL § 21-27-1 (state habeas corpus proceeding).   Id. at p. 3.

Magistrate Judge Duffy declined to adopt Mr. Kurtenbach's position. (Docket 17 at p. 13).   Mr. Kurtenbach was under the jurisdiction of the South Dakota Board of Pardons and Paroles during the period of his suspended sentence in Pennington County CR 09-472.[1]   See Krukow v. South Dakota Board of Pardons and Paroles, 716 N.W.2d 121, 125 (S.D. 2006) ("SDCL 23A–27–19, placed persons released under a suspended sentence under the supervision of the Board.").   The magistrate judge found "the South Dakota Supreme Court unequivocally instructed that appeals from the decisions of the Board of Pardons and Paroles are governed by SDCL 1-26-37."[2]   (Docket 17 at p. 13) (referencing Santema v. South Dakota Board of Pardons and Paroles, 735 N.W.2d 904, 905 (S.D. 2007); Austad v. South Dakota Board of Pardons and Paroles, 719 N.W.2d

---

[1]SDCL 23A–27–19 states in relevant part that "[a]ny person whose sentence is suspended pursuant to this section is under the supervision of the Board of Pardons and Paroles . . . . The board is charged with the responsibility for enforcing the conditions imposed by the sentencing judge, and the board retains jurisdiction to revoke the suspended portion of the sentence for violation of the terms of the suspension."

[2]SDCL § 1–26–37 provides: "An aggrieved party or the agency may obtain a review of any final judgment of the circuit court under this chapter by appeal to the Supreme Court.   The appeal shall be taken as in other civil cases.   The Supreme Court shall give the same deference to the findings of fact, conclusions of law, and final judgment of the circuit court as it does to other appeals from the circuit court.   Such appeal may not be considered de novo."

760, 764 (S.D. 2006)).   The magistrate judge concluded "[a]n appeal from the Board is governed by SDCL 1-26-37."   Id. (citing Santema, 735 N.W.2d at 905) (quoting Austad, 719 N.W.2d at 764).

Mr. Kurtenbach cites no authority challenging the ruling of the South Dakota Supreme Court or the conclusion of the magistrate judge.   Petitioner's first objection is overruled.

    2.    DID THE ONLY STATE COURT DECISION THAT HAS ADDRESSED KURTENBACH'S SITUATION SUPPORT [HIS] POSITION?

Mr. Kurtenbach argues the magistrate judge erred because the "last, reasoned state court opinion dealing with the claim" found he could pursue his claims through the state habeas proceeding.   (Docket 18 at p. 5) (citing Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004)).   The last state court opinion Mr. Kurtenbach refers to is the decision of South Dakota Circuit Court Judge Jerome Eckrich in the state habeas proceeding.   Id. at p. 4.   After considering the state's motion to dismiss Mr. Kurtenbach's state habeas petition, Judge Eckrich found that "at this point in the proceedings [Mr. Kurtenbach] has a colorable claim to relief."   Id. at p. 5 (citing Docket 18-4 at p. 3).   Ultimately the state's motion to dismiss was granted because Mr. Kurtenbach was released on parole.   Id. at p. 5 n.2 (referencing Bostick v. Weber, 692 N.W.2d 517 (S.D. 2005) ("Under the South Dakota habeas corpus statute, a petitioner is not entitled to a writ of habeas corpus unless the petitioner is committed or detained, imprisoned or restrained of his liberty. . . . An appeal by a petitioner who is not committed, detained, imprisoned, or restrained of his liberty, is moot and we will

4

not consider its merits.") (internal citation, quotation marks and bracketing omitted).

The phrase "last, reasoned state court opinion" is a term of art. To constitute a "last, reasoned state court opinion," the ruling must be "a decision on the merits" of the claim. Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991). See also Phoenix v. Matesanz, 189 F.3d 20, 25 (1st Cir. 1999) ("the 'last reasoned opinion' of a state court addressing those claims, is the focus of our attention."); Serrano v. Fischer, 412 F.3d 292, 297 (2d Cir. 2005) ("the state trial court clearly indicates its reasons" for resolving a claim); Evans v. Thompson, 881 F.2d 117, 123 n.2 (4th Cir. 1989) (in rendering its judgment, a state court must "clearly and expressly" state the basis for its decision); Ellis v. Lynaugh, 873 F.2d 830, 838 (5th Cir. 1989) (the state court must address the "merits of a claim" for a federal court to be bound by the earlier decision); Winfield v. Roper, 460 F.3d 1026, 1037 (8th Cir. 2006) ("federal courts considering petitions for habeas relief may 'look through' the state supreme court decision to the last reasoned decision of the lower state court on that issue."); Harmon v. Barton, 894 F.2d 1268, 1272 (11th Cir. 1990) (in rendering its judgment, a state court must "clearly and expressly" state the basis for its decision).

Judge Echrich's decision to permit Mr. Kurtenbach's state habeas petition to proceed was an initial, interim ruling and was not a decision on the merits. The state court never resolved the issue addressed by Magistrate Judge Duffy. Ylst, supra. Mr. Kurtenbach's second objection is overruled.

> 3. DID THE RESPONDENT RAISE PROCEDURAL DEFAULT IN THE STATE COURT AND SHOULD THE RESPONDENT BE STOPPED FROM ARGUING IT FOR THE FIRST TIME IN FEDERAL COURT?

Mr. Kurtenbach objects to the finding of the magistrate judge that his claim is procedurally barred on the basis that the respondent did not argue in the state habeas proceeding that an administrative appeal was the exclusive remedy available to him. (Docket 18 at p. 5). Because procedural default is an affirmative defense, Mr. Kurtenbach argues the failure to raise the defense in the state habeas proceeding precludes respondent from asserting the defense in this federal action. Id. at pp. 5-6 (citing Gray v. Netherland, 518 U.S. 152, 165-66 (1996)).

Mr. Kurtenbach misapplies the theory of procedural default. "Before seeking habeas corpus relief under § 2254, a prisoner ordinarily must 'fairly present' his federal claims to the state courts." Turnage v. Fabian, 606 F.3d 933, 936 (8th Cir. 2010). "This requirement serves the salutary purpose of giving states the opportunity to pass upon and correct alleged violations of their prisoner's federal rights." Id. (internal quotation marks and citation omitted). "The onus rests on the prisoner to present the substance of his federal claims in each appropriate state court (including a state supreme court with powers of discretionary review)." Id. (internal quotation marks and citation omitted). "If a prisoner fails to present his federal claims to the state courts, those claims are generally considered procedurally defaulted." Id.

6

The affirmative defense of procedural default has no place in and cannot be cited as a basis for dismissal of a state habeas petition. Only after completion of the state habeas process may a prisoner pursue a federal habeas petition. At this point procedural default may be asserted and must be reviewed by the federal court. "If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted. . . . [The federal court] will not review a procedurally defaulted habeas claim because the state has been deprived of an opportunity to address the claim in the first instance." Barrett v. Acevedo, 169 F.3d 1155, 1161 (8th Cir. 1999).

Mr. Kurtenbach's third objection is without merit and is denied.

4.  DID KURTENBACH PROPERLY PRESENT HIS CONSTITUTIONAL CLAIMS TO THE STATE COURT SO THAT HE HAS NOT PROCEDURALLY DEFAULTED?

Mr. Kurtenbach summarily argues that for the reasons advanced in his previous objections he has not procedurally defaulted on his claims. (Docket 18 at p. 1). Mr. Kurtenbach offers no further argument to support this objection.

The magistrate judge found "[b]ecause the last reasoned state court opinion dealing with Mr. Kurtenbach's constitutional claims did not address their merits but rejected them on procedural grounds, this court is precluded from reviewing them." (Docket 17 at p. 23) (referencing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). To avoid dismissal based on procedural default, a petitioner must "demonstrate 'cause' for the default *and* actual prejudice as a result of the violation of federal law." Id. (emphasis in original) (referencing

7

Maynard v. Lockhart, 981 F.2d 981, 984 (8th Cir. 1992).  "If no 'cause' is found the court need not consider whether actual prejudice occurred."  Id. (referencing Maynard, 981 F.2d at 985; other citations omitted).  The magistrate judge found "Mr. Kurtenbach does not allege any facts which would establish cause for his procedural default. . . . [Which] stems from the fact that he failed to serve his notice of appeal in a timely fashion . . . ."  Id. at p. 24.  For this reason, the magistrate judge recommended Mr. Kurtenbach's federal petition be dismissed with prejudice.  Id. at p. 27.

The court finds the reasoning of the magistrate judge was based on the applicable law and was properly applied to Mr. Kurtenbach's federal habeas petition. Mr. Kurtenbach's fourth objection is overruled.

Having carefully reviewed the record in this case and good cause appearing, it is

ORDERED that Mr. Kurtenbach's objections (Docket 18) are overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 17) is adopted in full.

IT IS FURTHER ORDERED that the respondent's motion to dismiss (Docket 7) is granted.

IT IS FURTHER ORDERED that Mr. Kurtenbach's petition (Docket 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court declines to issue a certificate of appealability.

Although the court declines to issue a certificate of appealability, Mr. Kurtenbach may timely seek a certificate of appealability from the United States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22. See Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Fed. R. App. P. 22.

Dated September 21, 2016.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE